26 F.3d 1186
 307 U.S.App.D.C. 122
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Darryl S. ADAMSON, also known as Darryl Smith, Appellant.
 No. 93-3176.
 United States Court of Appeals, District of Columbia Circuit.
 June 15, 1994.
 
 Before: EDWARDS, WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the sentence pronounced by the district court in the judgment filed on September 14, 1993, be affirmed. The district court considered appellant's arguments regarding the weight of the drugs and the propriety of an additional one-point reduction under section 3E1.1(b) of the United States Sentencing Guidelines. In sentencing issues, the appeals court owes substantial deference to the factual findings of the district court and must accept those findings unless they are clearly erroneous. United States v. Lam Kwong-Wah, 966 F.2d 682, 688-89 (D.C.Cir.), cert. denied, 113 S.Ct. 287 (1992). Appellant did not request a hearing on the weight of the drugs. Unlike the situation in United States v. Miele, 989 F.2d 659 (3d Cir.1993), the Drug Enforcement Agency report on the weight of the drugs, recited in the presentence investigation report and relied on by the district court, had sufficient indicia of reliability to satisfy section 6A1.3 of the Guidelines. Additionally, appellant did not show that the sentencing judge's determination of acceptance of responsibility was clearly erroneous. See United States v. Barry, 961 F.2d 260, 266 (D.C.Cir.1992).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.